WIGGINTON, Judge.
Appellant, Florida Department of Law Enforcement [FDLE], and appellee, a law enforcement officer for the state of Florida for 27 years, appeal and cross-appeal a final order of the Public Employee Relations Commission [PERC] finding that FDLE had just cause to discipline appellee but reducing FDLE’s dismissal of him to a 30-day suspension. We reverse on ap-pellee/cross appellant’s cross-appeal.
In October 1988, FDLE dismissed appel-lee from employment upon its finding that he had violated Rule 111-1.011(1), (2) and (21), Florida Administrative Code as a result of his involvement in certain real estate transactions. The dismissal was based upon FDLE’s conclusion, after an investigation, that appellee had lied in numerous respects during the investigatory interviews, had been involved in fraudulent real estate transactions and had violated federal income tax laws. On appeal, PERC determined that the only sustainable charge was FDLE’s finding that appellee had been intentionally untruthful during the investigation only concerning his answers in regard to the reporting of a certain $20,497 profit on his 1986 income tax return, in violation of Rule 111-1.011(21). Thereupon, PERC reduced the penalty imposed by FDLE from dismissal to suspension for 30 days. FDLE challenges that reduction in penalty but does not challenge PERC’s determination that the numerous other charges di(j not provide just cause to discipline appel-lee.
On cross appeal, appellee/cross appellant challenges PERC’s determination of any just cause to impose discipline. We agree with appellee that competent substantial evidence does not support PERC’s determination that he lied in response to questioning during an August 23, 1988 investigatory interview concerning his reporting of the $20,467 profit on his 1986 federal income tax return. The transcript of the interview reveals that the questions posed by the investigator to appellee were at best vague, ambiguous and inartfully phrased. Although appellee’s answers thereto were also somewhat indirect and ambiguous, they did not amount to specifically identifiable untruths sufficient to support the charge and provide just cause to discipline appellee. Consequently, we reverse PERC’s determination that just cause existed to discipline appellee. We remand to PERC for appellee’s full reinstatement and for awards of back pay for the suspension period, attorney’s fees and other expenses pursuant to Section 447.208(3)(b) and (e), Florida Statutes.
REVERSED and REMANDED.
BARFIELD and WOLF, JJ., concur.